Daniel **FULLMER**, Plaintiff,

v.

**MICHIGAN DEPARTMENT OF STATE POLICE and Lt. Col. Stephen Madden, in his official capacity as director, Defendants.**

No. 01–73319.

United States District Court,
E.D. Michigan,
Southern Division.

June 25, 2002.

Thomas Lazar, Bingham Farms, MI, for plaintiff.

Margaret A. Nelson, Mich. Dept. of Atty. Gen., Lansing, MI, for defendants.

### ORDER (1) DENYING MOTION FOR STAY; (2) MODIFYING INJUNC-TION; AND, (3) MODIFYING DE-CLARATORY JUDGMENT

ROBERTS, District Judge.

## I. INTRODUCTION

On June 3, 2002, the Court entered an order and Declaratory Judgment enjoining Defendants' further enforcement of Michigan State Police Sex Offenders Registration Act (the "SORA"), M.C.L. § § 28.721 et seq, until they provide convicted sex offenders adequate procedural safeguards for their constitutionally protected interests. [Doc. 18 and 19]. On June 10, 2002, Defendants filed a motion to stay this Court's judgment pending appeal to the Sixth Circuit Court of Appeals. [Doc. 21]. Plaintiff has responded [Doc. 25]. For the reasons stated below, the Court **DENIES** the request for a stay, but **MODIFIES** its June 3, 2002 injunction and Declaratory Judgment. Defendants will continue to be enjoined from enforcing the public notification sections of the SORA, M.C.L. § 28.728(2), M.C.L. § 28.730(2) and (3). However, the injunction on the other provisions of the SORA is modified.

## II. STANDARD FOR GRANTING A STAY PENDING APPEAL

A motion to stay an injunction pending appeal is governed by Fed.R.Civ.P. 62(c):

When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party . . .

The Court considers the following factors in deciding whether to issue a stay:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

(2) whether the applicant will be irreparably injured absent a stay;

(3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and

(4) where the public interest lies.

*Grutter v. Bollinger*, 137 F.Supp.2d 874, 875 (E.D.Mich.2001), citing *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987).

■ Although these are the same factors the Court considers in deciding whether to grant a preliminary injunction, an applicant seeking a stay will have more difficulty establishing the first factor, likelihood of success on the merits, due to the difference in procedural posture. ". . . [A] party seeking a stay must ordinarily demonstrate to a reviewing court that there is a likelihood of reversal." *Grutter*, 137 F.Supp.2d at 876. While this showing is inversely proportional to the showing required for the second factor, i.e., the irreparable injury the applicant will suffer absent a stay, "the [applicant] is always required to demonstrate more than the mere 'possibility' of success on the merits." *Id.* In other words,

". . . even if an [applicant] demonstrates irreparable harm that decidedly outweighs any potential harm to the [adverse party]" if a stay is granted, he is still required to show, at a minimum, "serious questions going to the merits." *Id.*

In applying the above factors and considerations to the request for a stay, it is useful to separate the public notification provisions of SORA, M.C.L. § 28.728(2), M.C.L. § 28.730(2) and (3), from the other

provisions of the statute. As Defendants argue in their brief, the SORA creates two separate registries. One registry is maintained for law enforcement purposes only; the second registry is a compilation of information primarily for dissemination to, and inspection by, the public.

## III. *THE REGISTRIES*

### A. The Law Enforcement Registry.

■ The law enforcement registry is kept confidential and is exempt from disclosure under Michigan's freedom of information act. MCL 28.728(1); 28.730(1). The general public does not have access to this registry and it is not open for inspection except for law enforcement purposes. Thus, the Court's earlier analysis—that due process is triggered by the burden of registration and public disclosure of information falsely stigmatizing convicted sex offenders as presently dangerous, coupled with the continuing legal obligations of registration and attendant criminal penalties for failure to register—would not apply to a registry that could not be disclosed to the public. Thus, the Defendants raise serious questions going to the merits of an injunction which can be read to prohibit enforcement of any provisions of the SORA other than the public disclosure provisions.

Also, with respect to the law enforcement registry, Defendants contend that the other factors the Court is to consider weigh in their favor as well. Specifically, Defendants assert that law enforcement has been irreparably harmed by this Court's order enjoining the enforcement of the SORA. Defendants have provided affidavits supporting this assertion which allege that law enforcement agencies no longer have access to the information contained in the registry; that they are unable to track convicted sex offenders; and, that the state will lose millions in federal grant monies because the injunction prevents it from complying with the requirements for those grants. Defendants further say that the public interest lies in favor of the stay because it demands that law enforcement use the registry as a tool to conduct investigations and to identify potential suspects related to sex offenses. Plaintiff's response to the Defendants' request for a stay is limited to arguments made in his original motion for summary judgment.

For the reasons stated by the Defendants for a stay, the Court believes that a modification of its original injunction is appropriate. There certainly is a strong public interest in having registry information in the hands of law enforcement officials whose purposes and goals would be thwarted without federal grants. This public interest is outweighed by a registry limited to law enforcement access.

The Court is mindful of the fact that the SORA does not provide any guidelines for when and how the law enforcement registry information can be used for "law enforcement purposes." Accordingly, in modifying the injunction, the Court will attempt to provide some guidance, solely to guard against public disclosure until the SORA passes constitutional muster.

### B. The Public Registry

■ Defendants also argue that the Court should stay the injunction against enforcement of the public sex offender registry, M.C.L. § 28.728(2), 28.730(2) and (3). Defendants contend that the Court's holding that Plaintiff's placement on the public sex offender registry constitutes "stigma," is erroneous as a matter of law, and is likely to be reversed on appeal. Based on the Court's careful review of the case law and its analysis in the June 3, 2002 opinion and order, the Court finds that Defendants have not shown that they are likely to succeed on the merits of their appeal as it

relates to the public sex offender registry. While Defendants need not show a high probability of success on the merits if they can demonstrate that they will suffer irreparable harm should the stay be denied, See *Grutter v. Bollinger*, 137 F.Supp.2d. at 876, their harm must be considered in light of the harm Plaintiff will suffer if the Court stays the injunction. *Id.*

In support of its argument for a stay with respect to the public disclosure provisions of the SORA, Defendants make the same arguments as they do for stay of the law enforcement provisions. In addition, Defendants assert that the harm to Plaintiff if the stay is granted is only minimal, since Plaintiff can point to only one incident where he suffered adverse consequences from being listed on the registry.

Defendants' arguments are not persuasive. First, in light of the Court's modification of the injunction relating to the registry for law enforcement purposes, only harm that relates directly to public disclosure, dissemination and inspection now becomes relevant. Thus, the only relevant harm is that which flows from the public's inability to access information on sex offenders listed in the registry who have been afforded no process before such listing. In this regard, Defendants point out that the public will not be able to readily identify the location of convicted sex offenders in their neighborhoods and take appropriate precautions relative to the safety of themselves, children and other loved ones.

Quite simply, the holding in the Court's original order enjoining enforcement of the SORA is that the Plaintiff and others must be afforded the minimal due process protections of notice and an opportunity to be heard before they are labeled by the government and presented to the public as continuing dangers to the community. The stated purpose of the public sex offender registry is "for the purpose of protecting the public." *www.mispor.state.mi.us* This goal is furthered only if the listed registrants are currently dangerous. But, the list is undifferentiated, and the implication of it stigmatizes all who are listed. At least as to Plaintiff, he claims such stigma is false. If the Court were to stay the injunction against the public sex offender registry, Plaintiff and others like him would suffer a continuing constitutional injury and deprivation, because they have no opportunity to establish that they are not presently dangerous or likely to become dangerous in the future. In other words, they have no opportunity to demonstrate they should not be on a public sex offender registry which implies they are persons from whom the public must be protected.

The onerous registration requirements of the SORA require potentially nondangerous registrants to take repeated action over a period of years, or face harsh penalties, all to facilitate a reputation-damaging communication by the government. And, there is no remedy for an inaccurate disclosure that is not necessary for the protection of the public. This is no small matter and implicates a liberty interest protected by the Fourteenth Amendment. While the protection of the public is a legitimate state interest, the Defendants must accommodate the constitutional rights of persons intimated as currently dangerous in accomplishing their goal. Thus, balancing the harm, this factor weighs heavily in favor of Plaintiff and others such as him.

Finally, Defendants have failed to make an adequate showing of how the Court's injunction against public disclosure will jeopardize the state's ability to obtain federal grants. If Defendants provide supplemental information to the Court on how the injunction prevents the state from receiving these funds, or otherwise provide

information on how confidentiality irreparably injures the state or substantially harms the public, the Court will weigh these concerns into the Defendants' request for a stay. Of course, the Legislature is also free to address the constitutional infirmities in the SORA through an amendment.

## IV. CONCLUSION

For the reasons stated above, Defendants' request for a stay of the injunction against the enforcement of the public sex offender registry, M.C.L. § 28.728(2), 28.730(2) and (3), is **DENIED**. However, pursuant to conditions, the Court **MODIFIES** the injunction against the enforcement of the law enforcement sex offender registry, M.C.L. § 28.728(1). Further, the Court dissolves the injunction against those provisions necessary for the maintenance and enforcement of the law enforcement sex offender registry, including the registration requirements, M.C.L. § 28.723, 28.724, 28.725, 28.727, the notice requirements, M.C.L. § 28.725a, 28.726, and the attendant penalties under M.C.L. § 28.729.

More specifically, Defendants are enjoined from:
(1) disclosing or disseminating to the public, or opening for inspection, either in printed, electronic, computerized or other accessible forms, (a) the data base pertaining to people required to register under the SORA (the "Registry"); or (b) Registry materials and information concerning persons required to register under the SORA, if the information identifies the individual as being included in the Registry; and
(2) identifying any listed sex offender as being included in the Registry.

Defendants continue to be enjoined from the public disclosure provisions of the SORA until they first afford sex offenders with an opportunity to be heard on the issues of whether they are a dangerous threat to the public, before Defendants require such persons to register under the SORA.

Provided, however, that nothing in this order shall:

(1) impair access to the Registry by law enforcement agencies and officers;

(2) preclude law enforcement agencies and officers carrying out official duties from using information contained in the Registry in specific criminal investigations and prosecutions, so long as listed sex offenders are not described to the public as being included in the Registry;

(3) preclude law enforcement agencies and officers carrying out official duties from disclosing or disseminating to the public information necessary to protect the public concerning a specific person, so long as listed sex offenders are not described to the public as being included in the Registry;

(4) preclude the maintenance and enforcement of the law enforcement sex offender registry, including the registration requirements, M.C.L. § 28.723, 28.724, 28.725, 28.727; the notice requirements, M.C.L. § 28.725a, 28.726; and, the attendant penalties under M.C.L. § 28.729;

(5) affect the public's ability to obtain individual criminal conviction history records pursuant to M.C.L. § 15.231 et seq.

Defendants are directed to serve a copy of this order on each state police department post, sheriff's department, local police department, law enforcement agency, or other state or local entity to which they have transmitted the Registry or Registry

information. Each such department, agency, or entity is bound by this order.

**IT IS SO ORDERED.**